UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| Hadassa Investment Nigeria, Ltd<br>*Plaintiff* | * * * | Civil Action No.: 6:13-cv-2795 |
| | * | Judge _____ |
| Versus | * * | |
| Swiftships Shipbuilders, LLC<br>*Defendant* | * * * | Magistrate Judge _____ |

# COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Hadassa Investment Security Nigeria Ltd, which alleges as follows:

*PARTIES*

**I.**

Plaintiff Hadassa Investment Security Nigeria LTD ("Hadassa Investment") is a limited business entity, organized under the laws of Nigeria, having its principal place of business at 14 Idowu Martins Street, Victoria Island, Lagos, Nigeria.

Defendant Swiftships Shipbuilders LLC ("Swiftships") is a Louisiana limited liability company, organized under the laws of the State of Louisiana with its principal place of business at 1105 Levee Road, Morgan City, Louisiana, U. S. A., Zip Code 70380.

*JURISDICTION and VENUE*

**II.**

Jurisdiction is appropriate under 28 U. S. Code §1322 in that this case involves citizens of different states/countries and the amount in controversy exceeds $75,000.

### III.

This Court has personal jurisdiction over Defendant under Due Process and the Louisiana Long Arm Statute in that Defendant has transacted business directly related to the claims in this case in the State of Louisiana.

### IV.

Venue is proper in this Court under 28 U.S.C. §1391(b)(2) and (c) in that Defendant is subject to personal jurisdiction in this District and a substantial part of the acts and omissions giving rise to Plaintiff's claim occurred in this District.

### FACTUAL BACKGROUND

### V.

Defendant is in the business of building and selling boats and ships at its shipyard in Morgan City, Louisiana.

### VI.

Plaintiff Hadassa Investment, through its authorized representative Alon Nelken, contacted Swiftships in 2009 with the aim of doing business with Swiftships.

### VII.

Subsequently, after Mr. Nelkin paid a visit to Swiftships' facility in Morgan City, Louisiana and, after a series of meetings with the top managers of Swiftships, it was agreed by both parties that Hadassa Investment would be given the exclusive right to represent Swiftships in Nigeria. A copy of the signed Memorandum of Understanding is attached hereto and made a part hereof as Exhibit 1.

### VIII.

In 2009, representatives of Swiftships, including Captain Jeffery M. Perin, were invited to Nigeria to make a presentation to the Nigerian Navy Headquarters with the view that the Nigeria

Navy, through Hadassa Investment, would procure some Swiftships fast patrol boats

IX.

During the negotiations in 2009, Swiftships advised Hadassa Investment's Alon Nelkin that Swiftships had a completed and available fast attack patrol boat on the ground that had been originally built by Swiftships for the Dominican Republic, that the Dominican Republic failed to make final payment for that boat. Thereafter, the management of Swiftships, including its President, Calvin Leleux, represented to Hadassa Investment's Nelkin that for Swiftships to hold the boat for the Hadassa Investment, Hadassa Investment should make down payment deposit in the sum of U.S.A. $500,000 in order to secure the boat and so as to hasten delivery in case the Nigerian Navy finally awards a contract to Hadassa Investment for the procurement of the Swiftships fast attack boats.

X.

Following the advice of and acting upon the representation of Swiftships, on or about 30 April 2009, Hadassa Investment caused to be deposited and transferred to Swiftships' bank account the wired sum of $499,970 ($500,000 less the bank fee of $30). A copy of the bank transfer documents are attached hereto and made a part hereof as "Exhibit 2."

XI.

Subsequently, Swiftships, in emails via its President, acknowledged that Hadassa Investment had made the deposit. Copies of emails from Swiftships President, Calvin Leloux dated October 23, 2009 to Hadassa Investment's David Ostrinsky is attached hereto and and made a part hereof as "Exhibit 3" en globo.

XII.

Subsequent to Hadassa Investment making its April 30, 2009, wired-funds deposit, Hadassa Investment learned that contrary to what had been represented to Hadassa Investment by Swiftships and without Hadassa Investment's prior knowledge or consent, Swiftships had sold to the United

States Government, the 25 M Patrol Boat that had originally been built for the Dominican Republic and was the subject of the Hadassa Investment $499,970 deposit.

### XIII.

Upon learning that the boat that was the subject of the Hadassa Investment $500,000 deposit had been sold by Swiftships and was no longer being held for Hadassa Investment, Hadassa Investment wrote Swiftships requesting return of its $500,000. A copy of the Hadassa Investment letter dated June 25, 2013 is attached hereto and made a part hereof as "Exhibit 4."

### XIV.

Hadassa Investment received no response from Swiftships to its letter requesting return of its deposit.

### XV.

Later, on July 15, 2013, Hadassa Investment sent a follow up email again requesting return of its deposit to Swiftships Captain Jeffery M. Perin (the Swiftships representative that had come to Nigeria to make the Swiftships presentation to the Nigerian Navy). A copy of that July 25, 2013 email to Captain Jeffery M. Perin is attached hereto and made a part hereof as "Exhibit 5."

### XVI.

But, Swiftships failed to respond and to return the $499,970 to Hadassa Investment.

### XVII.

Accordingly, Hadassa Investment retained undersigned counsel and on August 27, 2013, undersigned counsel sent a demand letter to Swiftships through its agent for service of process and through its President . A copy of the Neil H. Mixon letter was sent through the United States Mail Certified Mail, Return Receipt Requested and a copy of the Green Cards evidencing Swiftships receipt of the Neil H. Mixon August 27, 2013 demand letter are attached hereto and made a part hereof as "Exhibit 6" en globo.

XVIII.

Again, Swiftships did not respond; despite amicable demand, Swiftships has failed and refused to return the $499,970 to Hadassa Investment.

COUNT 1
CAUSE OF ACTION FOR BREACH OF CONTRACT AND RETURN OF DEPOSIT

1XX.

The allegations in paragraphs I through XVIII are restated and realleged herein as if fully rewritten herein.

XX.

As a result Swiftships sale of the fast attack boat that was the subject of the Hadassa Investment $499,970 deposit, Swiftships breached its contract with Hadassa Investment to hold the fast attack boat for Hadassa Investment, rendering Swiftships liable to Hadassa Investment pursuant the Louisiana law on contract in the amount of $499,970, together prejudgment interest or alternatively, from the date of judicial demand until paid.

COUNT TWO
CAUSE OF ACTION PURSUANT TO UNJUST ENRICHMENT

XXI.

The allegations of paragraphs I through XVIII are restated and realleged herein as if fully rewritten herein.

XXII.

Swiftships Shipbuilders has been unjustly enriched and Hadassa Investment has been impoverished in the amount of $499,970 that Hadassa Investment transferred to the account of Swiftships on 30, April 2009 that Swiftships has failed and refused to return/refund to Hadassa Investment, despite amicable demand by Hadassa Investment.

**WHEREFORE,** Plaintiff Hadassa Investment Security Nigeria LTD PRAYS for judgment against Defendant Swiftships Shipbuilders LLC as follows:

A. For judgment against Swiftships Shipbuilders LLC in the amount of **FOUR HUNDRED NINETY-NINE THOUSAND NINE HUNDRED SEVENTY ($499,970.00) DOLLARS,** with prejudgment interest from the dates of Hadassa Investment demand for refund, or alternatively from the date of judicial demand until paid and for all costs of Court, including any expert witness fees.

B. Alternatively, on the Unjust Enrichment cause of action, for judgment in favor of Hadassa Investment Security Nigeria Ltd and against Swiftships Shipbuilders LLC in the amount of **FOUR HUNDRED NINETY-NINE THOUSAND NINE HUNDRED SEVENTY ($499,970.00) DOLLARS,** together with legal interest thereon from the date of Hadassa Investment demand to Swiftships for refund of its deposit, or alternatively, from the date of judicial demand until paid, and for all costs of these proceedings, including any expert witness fees.

C. Hadassa Investment Security Nigeria Ltd prays for such other relief to which Hadassa Investment Security Nigeria Ltd may be entitled to by law or in equity.

By Attorney:

S/NEIL H. MIXON
NEIL H. MIXON, TRIAL COUNSEL
(LSBA # 8728)
**MIXON LAW OFFICE**
5822 Antioch Boulevard
Baton Rouge, LA 70817-3207
Phone/Fax: (225) 755-3224
Digital Phone: (225) 278-2276
Attorney for Plaintiff Hadassa Investment Security Nigeria Ltd.