U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

FEB 0 5 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| Hadassa Investment Nigeria, Ltd | Civil Action No. 13-02795 |
| versus | Judge Richard T. Haik, Sr. |
| Swiftships Shipbuilders, LLC | Magistrate Judge C. Michael Hill |

## MEMORANDUM ORDER

Before the Court is a Rule 12(b)(6) Motion To Dismiss Plaintiff's Complaint filed by defendants Swiftships Shipbuilders, L.C.C. [Rec. Doc. 9] and plaintiff, Hadassa Investment Nigeria, Ltd's, Memorandum in Opposition and Request for Leave to Amend [Rec Doc. 12].

Plaintiff is a limited business entity, organized under the law of Nigeria, with its principal place of business at 14 Idowa Martins Street, Victoria Island, Lagos, Nigeria. *R. 1, I.* In 2009, through its authorized representative Alon Nelken, plaintiff met with managers at defendant's shipyard in Morgan City, Louisiana and entered into an agreement giving plaintiff the exclusive right to represent defendant in Nigeria. *Id, VI-VII, Exh. 1.*[1] Also in 2009, representatives of defendant went to Nigeria to assist plaintiff in selling defendant's boats to the Nigerian Navy. *Id., VIII.*

During that period, defendant agreed to hold a boat, which the Dominican Republic had ordered but defaulted on the final payment, for plaintiff "so as to hasten delivery in case the Nigerian Navy finally award[ed] a contract to plaintiff." *Id., IX.* In order to secure the

---

[1] "When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir.2011).

boat, defendant required plaintiff to make a down payment deposit in the sum of $499,970. *Id., X, XI Exh. 2,* 3.

In June, 2013, plaintiff learned that defendant had sold the boat to the United States Government. *Id., XII.* Thereafter, on June 25, July 15, and August 27, 2013, plaintiff demanded the return of its $499,970. *Id., XIII, XV, XVII, Exhs. 4, 5, 6.* Defendant neither responded to plaintiff's requests nor returned the deposit. *Id. XIV, XVI.* Plaintiff filed this action on October 2, 2013, asserting causes of action for breach of contract and return of the deposit and unjust enrichment.

In its motion, defendant contends the oral agreement between Hadassa and Swiftships created a suspensive condition because the delivery of the vessel was contingent upon the Nigerian Navy awarding a contract to Hadassa. As the Nigerian Navy did not award a contract to Hadassa, the condition has not yet been fulfilled and the obligation can not be enforced. Defendant further contends that because there is a valid contract between the parties, plaintiff can not establish an unjust enrichment claim. Defendant argues that plaintiff never alleged that: (1) the parties executed a written contract with the time for the reservation of the vessel; (2) the Nigerian Navy awarded a contract to Hadassa for the vessel or was interested in procurement of Swiftships' vessels; (3) Swiftships owed delivery of a vessel before a contract was awarded; and, (4) there was an absence of justification/cause.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M*

*Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)(citing Fed.R.Civ.P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In considering a Rule 12(b)(6) motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464 (5th Cir.2004).

Based on the foregoing,

**IT IS ORDERED** that plaintiff, Hadassa Investment Nigeria, Ltd's, Request for Leave to Amend is **GRANTED** and plaintiff is given 21 days to amend its Complaint.

**IT IS FURTHERED ORDERED** that defendant, Swiftships Shipbuilders L.L.C.'s, Motion to Dismiss is **DENIED WITHOUT PREJUDICE** and may be reasserted within 21 days of an Amended Complaint being filed.

**THUS DONE AND SIGNED** this 4th day of February, 2014 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge