UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HADASSA INVESTMENT NIGERIA, LTD. <br> Plaintiff, <br><br> vs <br><br> SWIFTSHIPS SHIPBUILDERS, L.L.C. <br> Defendant. | Civil Action No. 6:13-CV-2795 |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

NOW INTO COURT, through its undersigned counsel, comes Defendant, Swiftships Shipbuilders, L.L.C. and files this Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

FACTS

In 2009, Swiftships representatives visited Nigeria to present proposals to the Nigerian Navy for the procurement of Swiftships vessels. Am. Compl. ¶ 8. During this time, Swiftships informed Hadassa that there was a completed vessel originally for the Dominican Republic for which the Dominican Republic failed to make the final payment. Am. Compl. ¶ 9. Hadassa and Swiftships agreed that Hadassa would place a $500,000.00 deposit and in turn Swiftships would reserve the vessel for Hadassa. Am. Compl. ¶ 9. The Parties agreed that Swiftships would deliver

the vessel should the Nigerian Navy award a contract to Hadassa for the procurement of Swiftships vessels. Am. Compl. ¶ 9.

Plaintiffs never allege that the Parties executed a written contract that specified the amount of time for the reservation of the vessel. Further, Plaintiffs never allege that the Nigerian Navy awarded a contract to Hadassa for procurement of vessels from Swiftships or that the Nigerian Navy was interested in such procurement.

On or about 30 April 2009, Hadassa wired the sum of $499,970.00 into Swiftships' bank account. Am. Compl. ¶ 10. Then, Swiftships did not hear from Hadassa until October 22, 2009, at which time they informed that the vessel would be completed in four to six months. Exh. 3. Plaintiffs never allege that the Nigerian Navy had awarded a contract at this time.

After not hearing from Hadassa for almost three years, Swiftships then received a letter from Mr. Alon Nelkin of Hadassa on June 25, 2012, asking for return of their deposit of $500,000.00. Exh. 5. Further, this letter stated that the Nigerian Navy had contracted with the French government and an Israeli shipyard, and had not awarded a contract to Hadassa. *Id*.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reyna v. Donley*, 479 Fed.Appx. 609, 611 (5th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. The court must read the pleading, accepting "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr.*

*Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). When evaluating a motion to dismiss, the court must consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## ARGUMENT

Swiftships first addresses that the substance of Sections II and III of this Argument has not changed due to Plaintiff's failure to amend Counts II and III in their Amended Complaint.

### I. Court should dismiss Count I of the Amended Complaint because the money deposited by the Plaintiff was not earnest money.

Upon analysis of La. C.C. Art. 2624, Swiftships does not owe Plaintiff the return of the deposit plus an equal amount because the parties did not expressly provide that this deposit would be earnest money. As Plaintiff alleges in their Amended Complaint, Plaintiff did not agree or stipulate that its deposit would be earnest money. Pursuant to La. C.C. Art. 2624, "a sum given by the buyer to the seller in connection with a contract to sell is regarded to be a deposit on account of the price, unless the parties have expressly provided otherwise." Further, only when "the parties stipulate that a sum given by the buyer to the seller is earnest money" and the seller then recedes from the contract, must the seller return the earnest money plus an equal amount. *Bodin v. Butler*, No. 07-3505, 2008 U.S. Dist. LEXIS 59506, at *8 (E.D. La. July 28, 2008). Thus, Count I of Plaintiff's Amended Complaint has absolutely no foundation in the law and, since this amount given by the Plaintiff was clearly not earnest money, they are undoubtedly not entitled to the return of the $499,970 deposit plus an equal amount.

### II. Court should dismiss Count II of the Amended Complaint because Swiftships owes no obligation to provide a vessel under the agreement until Hadassa has a contract awarded from the Nigerian Navy.

In response to Plaintiff's failure to amend their previous argument and upon analysis of the oral agreement between Hadassa and Swiftships, it is clear that Swiftships is bound through a conditional obligation dependent upon an award of a contract from the Nigerian Navy to Hadassa. To this date, such contract has not been awarded, and Swiftships owes no obligation to provide a vessel until such condition has been fulfilled.

**A. The agreement between Swiftships and Hadassa created a suspensive condition through the intent of the parties.**

Pursuant to the agreement, Swiftships would supply a vessel once the Nigerian Navy awarded a contract to Hadassa, which is a suspensive condition of Swiftships' obligation. La. C.C. Art. 1767 states that "a conditional obligation is one dependent on an uncertain event. If the obligation may not be enforced until the uncertain event occurs, the condition is suspensive." The condition may be implied by "the nature of the contract or the intent of the parties." La. C.C. Art. 1768.

Plaintiff explains in their Amended Complaint that delivery of a vessel was contingent upon the Nigerian Navy awarding a contract to Hadassa. Am. Compl. ¶ 9. However, they fail to allege that Swiftships would at any point owe delivery of a vessel before such contract had been awarded by the Nigerian Navy. Thus, Swiftships' obligation to perform delivery was contingent upon such suspensive condition.

**B. The suspensive condition that the Nigerian Navy award a contract to Hadassa has not yet been fulfilled, and Hadassa does not have the right to enforce Swiftships' obligation.**

In their Amended Complaint, Plaintiff never alleges that the suspensive condition had been fulfilled. As shown in Exhibit 4 of the Plaintiff's Complaint, as of June 25, 2012, the Nigerian Navy awarded a contract with the French government and an Israeli shipyard, and did not award a contract to Swiftships. Further, as shown in Exhibit 5 of the Plaintiff's Complaint,

the Nigerian Navy was still not ready to carry out such project as of July 15, 2013. Hadassa has not yet informed Swiftships that the Nigerian Navy awarded such contract.

"The right to enforce an obligation does not arise until the fulfillment of the suspensive condition, and the obligation may not be enforced until the condition is met." *Hampton v. Hampton, Inc.*, 713 So.2d 1185, 1190 (La. 1st Cir. 1998). Since the condition that the Nigerian Navy award a contract has not yet been fulfilled, Hadassa does not have the right to enforce Swiftships' obligation to provide a vessel at this time.

### III. Court should dismiss Count III of the Amended Complaint because there is a valid contract between the Parties.

According to Plaintiff's Amended Complaint, Swiftships and Hadassa agreed that Swiftships would provide a 35 Meter Patrol Boat upon the event that the Nigerian Navy awarded a contract to Hadassa. Since there is a valid contract between the Parties, Plaintiff does not state a claim for unjust enrichment.

The cause of action for unjust enrichment includes the following elements: "(1)there must be an enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and resulting impoverishment; (4) there must be an absence of 'justification' or 'cause' for the enrichment and impoverishment; and (5) the action will only be allowed when there is no other remedy at law." *Gallant Investments v. Illinois Central Railroad Co.*, 7 So.3d 12, 18 (La. 1st Cir. 2009) (citing *Minyard v. Curtis Products, Inc.*, 251 La. 624, 651-52 (La. 1968)).

Plaintiff fails to allege that there is an absence of justification. When there is a contract between the parties, there is a justification to the enrichment. *Edwards v. Conforto*, 636 So.2d 901, 907 (La. 1993) (citing *Edmonston v. A-Second Mortg. Co. of Slidell, Inc.*, 289 So.2d 116,

122 (La. 1974)). "Only the unjust enrichment for which there is no justification in law or contract allows equity a role in the adjudication." *Id*.

In the case at hand, Plaintiff alleges that there is a valid contract between the parties. Since there is justification in contract based on the agreement between the parties, there is no valid claim for unjust enrichment.

## CONCLUSION

For the foregoing reasons, the Court should grant the Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

Dated: March 10, 2014                                    Respectfully submitted,


__/s/ Aimee R. Griffin_____

Aimee R. Griffin
Louisiana Bar No. 35158
1105 Levee Road, P.O. Box 2869
Morgan City, LA 70381
agriffin@swiftships.com

*Counsel for Defendant*