UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| Hadassa Investment Security Nigeria, Ltd.<br>*Plaintiff* | Civil Action No.: 6:13-cv-2795 |
| Versus | Judge Richard T. Haik, Jr. |
| Swiftships Shipbuilders, LLC<br>*Defendant* | Magistrate Judge C. Michael Hill |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Hadassa Investment Security Nigeria Ltd ("Hadassa"), through undersigned counsel, pursuant to Federal Rule of Civil Procedure and local Civil Rule 7.5, hereby opposes the Defendant's Motion to Dismiss (Doc 17) filed on March 10, 2014. For the following reasons, Defendant's Motion should be denied.

**MAY IT PLEASE THE COURT:**

In Plaintiff's Amended Complaint (Doc 14), it is alleged that the parties agreed that upon Hadassa putting up the $500,000 deposit, Swiftships would hold the "Dominican Republic Boat" for Hadassa. (Amended Complaint ¶'s IX, X.)

It is specifically alleged that, indeed, Hadassa put up the $500,000 ($499,970 wired funds) into Swiftships bank account. (Amended Complaint ¶ X; also see "Exhibit 2.")

And it is specifically alleged that Swiftships failed to hold the "Dominican Republic Boat" for Hadassa, but sold that boat to the United States. (Amended Complaint ¶ XII.)

Defendant argues that because the Nigerian Navy has not ordered a contract to Hadassa, Hadassa does not have the right to enforce Swiftships' obligation to produce the "Dominican Republic Boat" to Hadassa. That's not what Hadassa's suit is about. That's not what is alleged in Hadassa's Amended Complaint. Swiftships sold the "Dominican Republic Boat" that it had agreed to hold for Hadassa that was the subject of Hadassa's deposit to the United States.. Hadassa simply wants its $499,970 back.

## PLAINTIFF'S CONCESSION:

Plaintiff concedes that it has no cause of action for getting its deposit back or for double the amount of the deposit pursuant to *La. C. C. art*. 2624. Article 2624 has no applicability herein: the deposit by Hadassa was not given in connection with a contract to sell (which is a prerequisite of Article 2624) and the Hadassa deposit was not given as earnest money. Otherwise, Defendant's Motion to Dismiss should be denied.

## LEGAL STANDARDS

### A. Motions to Dismiss Pursuant to Rule 12(B)(6):

A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M University System*, 117 F. 3d 242, 247 (5th Cir. 1997), quoting *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F. 2d 1045, 1050 (5th Cir. 1982). See also *Kennedy v. Tangipahoa Parish Library Bd. Of Control*, 224 F. 3d 359, 365 (5th Cir. 2000). It is well-settled in the Fifth Circuit that on a Rule 12(B)(6), the Complaint must be construed liberally in favor of the plaintiff, and that all facts pleaded in the complaint must be taken as true. See. *e.g., Baker v. Putnal*, 75 F. 3d 190, 196 (5th Cir. 1996); *Campbell v. Wells Fargo Bank*, 781 F. 2d 440, 442 (5th Cir. 1986). A complaint should not be dismissed "unless it appears **beyond**

**doubt** that the plaintiff can prove **no set** of facts in support of his claim which would entitle him to relief." (Emphasis added) *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498 (5th Cir. 2000) (quoting *Conley v. Gibson*, 335 U. S. 41, 45-46 (1957). See also, *Swierkiewicz v. Sorema N. A.*, 534 U. S. 506, 514 (2002); *Hishon v. King & Spalding*, 467 U. S. 69, 73 (1984). The limits of a Rule 12(B)(6) motion have been summarized as follows:

> "The motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the case. Thus, the provision must be read in conjunction with Rule 8(a), which sets forth the requirement for pleading a case in Federal Court and calls for a short and plain statement of the facts showing that the pleader is entitled to relief. **Only where the plaintiff's complaint fails to meet this liberal pleading standard is it subject to dismissal under Rule 12(B)(6)**. (Emphasis added.)

Plaintiff's Amended Complaint sufficiently alleges facts for Plaintiff to recover its $499,970 on its cause of action for breach of contract, or under its alternative Unjust Enrichment Cause of Action, Count III.

**Plaintiff's Cause of Action Under Louisiana Law for Breach of Contract:**

Under Louisiana law, a contract is an agreement by two or more parties whereby obligations are created, modified or extinguished. *La. C. C. art. 1906*. A contract is formed by the consent of the parties established through offer and acceptance. *La. C. C art. 1927*.

Under Louisiana law, the four elements of a valid contract are (1) the parties must possess the capacity to contract; (2) the parties mutual consent must be freely given; (3) there must be a certain object for the contract; and (4) the contract must have a lawful purpose. *Provenza v. Central & Southwest Services, Inc.*, 34, 162 (La. App. 2 Cir. 12/15/00), 775 So. 2d 84. The Court must find that there was a meeting of the minds of the parties to constitute consent. *Hanger One*

*MLU, Inc. The Unopened Succession of James C. Rogers, et al.*, No. 43, 120, 981 So. 2d 175, 179 (La. App. 2 Cir. 4/16/08).

In Plaintiff's Amended Complaint it is alleged that the parties agreed that if Hadassa would put up the deposit of $500,000, Swiftships would hold for Hadassa the boat that Swiftships originally had built for the Dominican Republic. (Amended Complaint ¶s IX and X.) It is alleged in Hadassa's Amended Complaint that Hadassa, indeed, put up the deposit, which was confirmed and acknowledged by Swiftships, but that Swiftships did not hold that "Dominican Republic Boat" for Hadassa but sold it to the United States. (Amended Complaint ¶ XII). It is alleged that Swiftships has failed to return to Hadassa the $499,970. (Amended Complaint ¶ XVI, XVII and XVIII.)

The contract that is clearly alleged is that the parties agreed that if Hadassa made the deposit of $500,000, Swiftships would hold the "Dominican Republic Boat" for Hadassa. (Amended Complaint ¶ IX.)

The essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform; (2) the obligor failed to perform the obligation (the breach); and (3) the failure to perform resulted in damages to the obligee, *1436 Jackson Joint Venture v. World Construction Company, Inc.*, 499 So. 2d 426, 427 (La. App 4 Cir. 1986). See also, *Hercules Machinery Corp. v. McElwee Brothers, Inc.*, 2002 WL 3101 5598 at 9 (E. D. La. 9/2/02). "The essential elements of a breach of contract action are the existence of a contract, a party's breach thereof and the damage." *Favrot v. Favrot*, 68 So.3rd 1099, 1109 (La. App. 4 Cir. 2011). Also, *Louisiana Crisis Assistance Center v. Marzano-Lesnevich*, 827 F. Supp. 2d 668 (E.D. La., 2011).

Indeed, the agreement is sufficiently alleged, the breach of the agreement is

sufficiently alleged, to wit: that after Swiftships received Hadassa's wired funds deposit on the "Dominican Republic Boat," Swiftships did not hold that boat for Hadassa, but sold the boat to the United States. (Amended Complaint ¶ XII.) And the damage to Hadassa is alleged, to wit: that Swiftships has failed and refuses to return the $499,970 to Hadassa. (Amended Complaint ¶s XVI and XVIII.)

**No "Suspensive Condition":**

If the obligation may not be enforced until the happening of an uncertain event, the condition is suspensive. *La. C. C. art.* 1767. There is no uncertain event that is alleged in the Plaintiff's Amended Complaint. There is no suspensive condition. The agreement that is alleged is that if Hadassa would put up the deposit on the "Dominican Republic Boat," Swiftships would hold that boat for Hadassa.

Even if the Court were to hold that, impliedly, Plaintiff's Amended Complaint alleges a suspensive condition, to wit: that Swiftships agreed to hold the "Dominican Republic Boat" for Hadassa until Hadassa got a contract with the Nigerian Navy (which is **not** alleged in the Amended Complaint), Hadassa's action to recover its $499,970 is within Hadassa's right to preserve its rights pursuant to *La. C. C. art.* 1771.

If, impliedly, the Court were to find that the agreement was subject of a suspensive condition, such suspensive condition will not void the agreement. If no time has been fixed for the occurrence of the event, the condition may be fulfilled within a reasonable time. *La. C. C. art.* 1773. But, again, Hadassa's Amended Complaint alleges no uncertain event upon which Hadassa's transfer of its $499,970 to Swiftships account is based.

Plaintiff's breach of contract cause of action is sufficiently alleged.

**Plaintiff's Alternative Cause of Action Under Louisiana for Unjust Enrichment**:

To state a cause of action for unjust enrichment, Plaintiff must allege (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and impoverishment; (4) an absence of justification for the enrichment or impoverishment; and (5) the absence of any other remedy at law. *La. C. C. art.* 2298; *Baker v. Maclay Properties Co.*, 658 So. 2d 888, 897 (La. 1995); *Hartman & Carriere v. Bank of Louisiana*, (N.O. 95-C-3058), 702 So. 2d 648, 671 (La. 12/13/96).

In Plaintiff Hadassa's Amended Complaint, it is specifically alleged that the unjust enrichment cause of action, Count III, is pled in the alternative. (Amended Complaint, p. 6, ¶ XXIV.)

The enrichment is alleged, to wit: **that Swiftships received, has and is continuing to hold, the Hadassa's $499,970**. (Amended Complaint ¶ XVIII.) The impoverishment is alleged: that Hadassa no longer has that $499,970. The connection between the enrichment and impoverishment is alleged, to wit: that if Hadassa would put up the deposit on the "Dominican Republic Boat," Swiftships would hold that boat for Hadassa. (Amended Complaint ¶ IX.) The absence of justification for the enrichment or impoverishment is alleged, to wit: that Swiftships sold to the United States the "Dominican Republic Boat" that was the subject of Hadassa's deposit. And it is alleged that Swiftships has failed and refuses to return the $499,970 to Hadassa. (Amended Complaint ¶ XVIII.) There is no justification for the enrichment or impoverishment. The Plaintiff's Amended Complaint states an alternative cause of action for unjust enrichment should the Court find that a breach of contract is not sufficiently alleged or proved.

## III. CONCLUSION

Accordingly, the Defendant's Motion to Dismiss should be denied.

Respectfully Submitted:

*S/NEIL H. MIXON*
**NEIL H. MIXON (LSBA #8728)**
**MIXON LAW OFFICE**
5822 Antioch Boulevard
Baton Rouge, LA 70817
Telephone/Facsimile: (225) 755-3224
Email: neilmixonesq@aol.com
Attorney for: Hadassa Investment Security Nigeria, Ltd.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the Court's ECF System, which sent notification to opposing counsel Amy R. Griffin, agriffin@swiftships.com on the 19th day of March 2014.

*S/NEIL H. MIXON*
NEIL H. MIXON