U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

APR *** 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE  DIVISION

Hadassa Investment Nigeria, Ltd                    Civil Action No. 13-02795

versus                                             Judge Richard T. Haik, Sr.

Swiftships Shipbuilders, LLC                       Magistrate Judge C. Michael Hill

### MEMORANDUM RULING

Before the Court is defendant, Swiftships Shipbuilders, L.C.C.'s ["Swiftships"],
Motion To Dismiss Plaintiff's Amended Complaint [Rec. Doc. 17] and plaintiff, Hadassa
Investment Nigeria, Ltd's ["Hadassa"], Memorandum in Opposition [Rec Doc. 19].  For the
reasons that follow the Court will deny defendant's Motion.

Plaintiff's Amended Complaint provides the following allegations.  Hadassa, a limited
business entity organized under the law of Nigeria, and Swiftships entered into an agreement
in 2009 giving plaintiff the exclusive right to represent defendant in Nigeria. *Id, VI-VII, Exh.
1.*[1]  Hadassa and a Swiftships' representative made a presentation to the Nigerian Navy with
the hope that the Navy would procure Swiftships' fast patrol boats from plaintiff.  Swiftships
had such a boat that it had built for the Dominican Republic but the country defaulted on the
final payment for the boat. *Id., IX.*  Swiftships agreed to hold the boat for plaintiff "so as to
hasten delivery in case the Nigerian Navy finally awards a contract to Hadassa." *Id.*  In order

---

[1] "When reviewing a motion to dismiss, a district court 'must consider the complaint in
its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to
dismiss, in particular, documents incorporated into the complaint by reference, and matters of
which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir.2011).

to hold the boat, Swiftships required Hadassa to deposit and transfer to Swiftships the wired sum of $499, 970 ($500,000 less the bank fee of $30). *Id., X, XI Exh. 2, 3.*

On June 25, 2012, Hadassa submitted correspondence to Swiftships stating "up until now, our company is still trying to get the [Nigeria Navy] contract. We also came to know that the Nigeria Navy sealed a deal with the Israeli Shipyard and the French Government for the supply of patrol boats and ... getting into the system will prove difficult for now and it might take a year or two." *Id., XII, Exh. 4.* Plaintiff's letter further stated that it understood the boat at issue had been sold to the United States Government and requested "a refund of our deposit." *Id.* Thereafter, on July 15, and August 27, 2013, plaintiff demanded the return of its $500,000. *Id., XIII, XV, XVII, Exhs. 5, 6.* Defendant neither responded to plaintiff's requests nor returned the deposit. *Id. XIV, XVI.* In its Amended Complaint, plaintiff asserts a Cause of Action for: (I) Return Of Deposit Plus An Equal Amount, pursuant to La. C.C. Art 2624; (II) Breach of Contract; and in the Alternative, (III) Unjust Enrichment.

A motion to dismiss for failure to state a claim, under Fed.R.Civ.P. 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*,

495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982) and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," *Id.* at 555, and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."*Id.* at 663-664. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant

evidence of each element of a claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257(5th Cir.2009).

In its Motion, Swiftships argues each Count in plaintiff's Complaint should be dismissed because: (I) the parties did not expressly provide that the deposit would be earnest money and under La. C.C. Art. 2624, "a sum given by the buyer to the seller in connection with a contract to sell is regarded to be a deposit on account of the price, unless the parties have expressly provided otherwise;" (II) the agreement had an implied suspensive condition to supply the boat once plaintiff had a contract—which has never occurred; and, (III) there is a valid contract between the parties and plaintiff can not claim unjust enrichment.

Taking the allegations in the amended complaint as true, as the Court must at this stage in the proceedings, and after considering the foregoing jurisprudence, Hadassa has alleged a facially plausible cause of action for recovery of damages for breach of contract, return of the deposit plus and equal amount under La. C.C. Art 2624, as well as an alternative claim for unjust enrichment. According, Swiftships' Motion To Dismiss will be denied.

Richard T. Haik, Sr.