U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED  LAFAYETTE

MAR 20 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Hadassa Investment Security Nigeria, Ltd. | Civil Action 13-02795 |
| versus | Judge Richard T. Haik, Sr. |
| Swiftships Shipbuilders, LLC | Magistrate Judge C. Michael Hill |

## ORDER

Before the Court is Plaintiff, Hadassa Investment Security Nigeria, Ltd.'s ("Hadassa"), Appeal Of The Magistrate Judge's Order [Rec. Doc. 49] Dated February 23, 2015. [Rec. Doc. 51]. Plaintiff objects to Magistrate Judge C. Michael Hill's February 23, 2015 Minutes of Hearing and Order granting defendant, Swiftships Shipbuilders, LLC's ("Swiftships"), motion for leave to file an amended answer to Hadassa's Third Supplemental and Amended Complaint filed on January 7, 2015. The record indicates that Swiftships' counsel represented in the motion for leave that Swiftships' initial answer to the Third Supplemental and Amended Complaint "inadvertently left out their argument that Plaintiff's claims under Counts II (Conversion), IV (Fraud), and VI (LUTPA) were prescribed." *R. 45*. Hadassa opposed the motion in light of the May 20, 2014 Scheduling Order deadline for amendment of pleadings being January 12, 2015.

A party can appeal a magistrate judge's ruling on a non-dispositive motion to the district court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. "The district court in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). In applying this "clearly erroneous or contrary to law" standard, a district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, the court is left with a definite and firm

conviction that the magistrate judge made a mistake. *Uviedo v. Steves Sash & Door Co.,* 738 F.2d 1425 (5th Cir. 1984) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364 (1948)).

The Court must separate willful failures from inadvertent mistakes and then make a distinction between issues serious and trivial. The practice of law comes with firm deadlines like statutes of limitations, but also other deadlines to which unduly harsh, disproportionate consequences should not attach. This is such a case. The Court concludes that the Magistrate Judge applied the appropriate legal standards to the issues raised and did not make any clear error in his order nor in his ruling. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Ruling is **AFFIRMED** and Plaintiff, Hadassa Investment Security Nigeria, Ltd.'s, Appeal Of The Magistrate Judge's Order [Rec. Doc. 49] Dated February 23, 2015, [Rec. Doc. 51], is hereby **DENIED**.

**THUS DONE AND SIGNED** this 19th day of March, 2015 at Lafayette, Louisiana.

**RICHARD T. HAIK, SR.**
**UNITED STATES DISTRICT JUDGE**