U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

APR 22 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Hadassa Investment Nigeria, Ltd | Civil Action No. 13-02795 |
| versus | Judge Richard T. Haik, Sr. |
| Swiftships Shipbuilders, LLC | Magistrate Judge C. Michael Hill |

**MEMORANDUM RULING**

Before the Court is plaintiff, Hadassa Investment Nigeria, Ltd's ["Hadassa"], Motion For Partial Summary Judgment [Rec. Doc. 41], defendant, Swiftships Shipbuilders, L.C.C.'s ["Swiftships"], Opposition Memorandum [Rec. Doc. 54] and plaintiff's Reply thereto [Rec Doc. 57]. Also before the Court is Swiftships' Motion For Partial Summary Judgment [Rec. Doc. 60] and Hadassa's Opposition Memorandum [Rec. Doc. 68]. Oral argument is not necessary. For the reasons that follow the Court will deny the Motions.

*Background*

Hadassa, a limited business entity organized under the law of Nigeria, and Swiftships, a ship/boat building and selling company in Morgan City, Louisiana, entered into an agreement in 2009 giving Hadassa the exclusive right to represent Swiftships in Nigeria. Hadassa and a Swiftships' representative made a presentation to the Nigerian Navy with the hope that the Navy would procure Swiftships' fast patrol boats from Hadassa. As Swiftships already had such a patrol boat, it agreed to hold the vessel ("the Patrol Boat") for Hadassa for the sum of $499,970. Hadassa made a wire-transfer of $499,970 ($500,000 less the bank fee of $30) to Swiftships' bank account on April 30, 2009. *R. 39, Exh. 2; R. 41, Aff. Of*

*Nelken.*

On June 25, 2012, Hadassa submitted correspondence to Swiftships stating "up until now, our company is still trying to get the [Nigeria Navy] contract ... it might take a year or two." Hadassa's letter further stated that it understood the Patrol Boat had been sold to the United States Government and requested "a refund of our deposit." Thereafter, on July 15, and August 27, 2013, plaintiff demanded the return of its $499,970. Swiftships neither responded to Hadassa's requests nor returned the deposit. Hadassa filed this action asserting a cause of action for: (1) Recission of the Contract Based on Fraud pursuant to La. C.C. Art. 1958; (2) Conversion; (3) Breach of Contract; (4) Fraud; (5) Detrimental Reliance; (6) Unfair Trade Practices ("LUPTA") pursuant to La. R. S. 51:1404-1430; and alternatively, (7) Unjust Enrichment. *R. 39.*

*Summary Judgment Standard*

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir.2008). All reasonable inferences are drawn

2

in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, as with this motion, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir .1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075

*Analysis*

*Conversion Claim*

Hadassa contends the Court should grant its claim against Swiftships for conversion of the $499,970 because the money was a deposit rather than earnest money, and as Swiftships acknowledged receipt of the money, it must be returned to Hadassa. Swiftships argues that the money was for its "hastened production and delivery of a vessel (the Patrol Boat)," and when Hadassa cancelled the contract it forfeited the money. Hadassa concedes these contrary positions exist but maintains they do not create a material issue of fact because any agreement is irrelevant. In its motion for summary judgment as well as its opposition memorandum, Swiftships further argues that Hadassa's action for conversion has prescribed as it is a delictual action subject to a liberative prescription of one year under La. C.C. art. 3492.

> Under Louisiana law, conversion is committed when any of the following occurs:
>
> 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.

*Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir. 2009) (citing *Dual Drilling Co. v. Mills Equip. Inv., Inc.*, 721 So.2d 853, 857 (La.1998). The classical distinction between contractual and delictual damages is that the former flow from an obligation contractually assumed by the obligor, whereas the latter flow from a violation of general duty owed by all persons. *Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 886 (5th Cir. 2002). Even when a contract exists, unless a specific contract provision is breached,

Louisiana treats the action as tort." *Id.* Thus, while conversion, like other delictual actions, has a one year prescriptive period, "[t]he correct prescriptive period to be applied in any action depends upon the nature of the action; It is the nature of the duty breached that should determine whether an action is in tort or in contract. *Id.*

Here, plaintiff alleges a breach of contract claim based on the letter agreement between, and executed by, Hadassa and Swiftships, on June 10, 2008. The agreement, provides that Swiftships contracted with Hadassa to promote, market and sell all of Swiftships' boats/water craft and services in Nigeria. Pursuant to the agreement, Hadassa gave the $499,970 to Swiftships to hold the Patrol Boat, presumably based on an oral agreement between the two. Thus, the underlying issue in this action is a contract dispute between Hadassa and Swiftships. Plaintiff's conversion claim is based on the same facts and allegations as the breach of contract claim. As the parties have neither raised nor addressed the breach of contract claim, Hadassa's motion to grant its conversion claim as well Swiftships' motion to dismiss the conversion claim must be denied because there are genuine issues of material fact related to the contract(s).

*The LUPTA Claim*

Hadassa next contends the Court should find that Swiftships' action of not returning the $499,970 violates the Louisiana Unfair Trade Practices Act ("LUPTA"). Swiftships maintains the money was for its hastened production and delivery of the Patrol Boat and when Hadassa cancelled the contract it forfeited the money. Swiftships also argues in its

5

motion for summary judgment that Hadassa alleges "throughout [its] Complaint that the wrongful conduct that caused [its] purported damages was when Swiftships sold the [ ]Patrol Boat" and did not return its $499,970. *R. 60, p. 7.* Because the sale of the Patrol Boat occurred on September 25, 2009, Swiftships contends Hadassa's claim under the LUPTA was prescribed when it filed this action on October 2, 2013. *Id.*

The LUPTA provides, "[unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." L.A.–R.S. 51:1409(A). The LUPTA creates a cause of action available to "[any person who suffers any ascertainable loss of money or movable property ... as a result of the use or employment by another person of an unfair or deceptive method, act, or practice...." *Id.* "To be unfair the conduct must offend established public policy. Fraud, deceit and misrepresentation constitute deceptive practices. A defendant's motivation is a critical factor; the actions must have been taken with the specific purpose of harming the competition." *U.S., ex. rel. Barcelona Equipment, Inc. v. David Bland, Inc.*, 2014 WL 3908789, 7 (E.D.La.,2014) (quoting *SDT Industries, Inc. v. Leeper*, 793 So.2d 327, 333 (La.App. 2nd Cir.2001). The LUTPA further provides, "the action provided by this section shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action." LSA–R.S. 51:1409(E). This provision has been found to be peremptive and thus is not subject to the doctrine of *contra non valentum. Abene v. Jaybar, LLC*, 802 F.Supp.2d 716, 722 (E.D.La.2011).

The record indicates that Hadassa filed a cause of action under the LUPTA in its Third Amended Complaint on January 7, 2015. In paragraph 44 of its Third Amended Complaint, Hadassa alleges it has been damaged as a consumer in the amount of the $499,970, because Swiftships refused to return the money, advising "for the first time" on September 23, 2014 that Hadassa had "forfeited" the money.[1] As Hadassa filed its cause of action under the LUPTA less than one year before it learned Swiftships considered itself as the "owner" of the money, and because this is the underlying issue in this breach of contract action, the Court must deny both Hadassa and Swiftships' motions.

*Fraud Claims*

Hadassa contends Swiftships' actions of "selling the [Patrol] Boat without notice to or permission of Hadassa, and in not returning Hadassa's $499,970 deposit," constitute fraud for which Swiftships is liable and which rescinds the contract between them. Swiftships argues that Hadassa has not established a claim for rescission of the contract based on fraud, pursuant to Louisiana Civil Code Article 1958 and that any such fraud claim has prescribed. Under Louisiana law, an action for fraud against a party to a contract requires: (1) "a misrepresentation, suppression, or omission of true information"; (2) "the intent to obtain an unjust advantage or to cause damage or inconvenience to another"; and (3) that the error

---

[1] While Hadassa explains that the September 23, 2014 was the date of Swiftships' Answers to its Second Set of Interrogatories, it does not indicate that the Answers to Interrogatories were ever placed into the record. The record does contain Swiftships' correspondence in response to Hadassa's counsel's May 8, 2014 letter demanding return of the money. *R. 39, Exh. 9.*

induced by the fraudulent act relates to a circumstance that substantially influenced the victim's consent to the contract. *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d 380, 388 (5th Cir. 2012) (citing *Shelton v. Standard/700 Assocs.*, 798 So.2d 60, 64 (La.2001)). As the Court has previously stated, because the parties have not addressed the underlying breach of contract(s) in this case, the Court cannot address whether or not Hadassa has a viable action for fraud.

## *Conclusion*

Based on the foregoing, the Court will deny both Hadassa's and Swiftships' Motions For Partial Summary Judgment.

_____
Richard T. Haik, Sr.