UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

---

Hadassa Investment Security Nigeria, Ltd.,  *  Civil Action No.: 6:13-cv-2795
    *Plaintiff*  *
                           *  Judge Richard T. Haik, Jr.
Versus     *

Swiftships Shipbuilders, LLC  *  Magistrate Judge: Carol B. Whitehurst
    *Defendant*  *

---

## PLAINTIFF'S POST-TRIAL BRIEF

**MAY IT PLEASE THE COURT:**

**Regarding Plaintiff's Louisiana Unfair**

**Trade Practices Act Cause of Action:**

As documented in Plaintiff's Proposed Conclusions of Law (Doc 89), page 6, number 3: "A trade practice is **"deceptive"** for purposes of LUTPA when it involves fraud, misrepresentation, deception or unethical conduct (citations omitted). Swiftships acts herein are **all** of those things. And, number 4: a trade practice is considered **"unfair"** when it offends established public policy and when it is immoral, unethical, oppressive, unscrupulous, or is substantially injurious to consumers." (Citations omitted.) Again, Swiftships' acts in this case are **all** of those things. (Emphasis Added.)

As cited in the Pretrial Order (Doc 88), page 3, "Fraud is defined as a misrepresentation or a suppression of the truth made with the intention to either obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. **Fraud may also result from silence or inaction.**"

(Citations omitted.) (Emphasis Added.)

The testimony and evidence introduced on trial, which **includes** the Stipulated/Established Facts of Joint Exhibit No. 1, **highlights** this case as a **classic** unfair trade practices act case and classic case of fraud. What the Defendant did to Plaintiff Hadassa in this case is a reason the Louisiana Legislature enacted the Louisiana Unfair Trade Practices Acts statute into law, and why the Legislature, through the statute, gave the court, when it found a LUTPA violation, the authority to award treble damages and attorney fees.

**Over and over again,** Defendant's Calvin Leleux testified he never told Mr. Nelken that the deposit would be nonrefundable, to which Plaintiff's Mr. Nelken also testified.

Mr. Leleux also admitted more than one time that he had never told Mr. Nelken that Swiftships had sold the Dominican Republic Boat as early as September 25, 2009. Indeed, Mr. Leleux testified that he was "surprised" when Hadassa's 30 April 2009 $499,970 wire-transfer came in. Plaintiff's counsel does not believe that for a minute. Incidentally, in a previous pleading in this case, to wit: Defendant's Memorandum in Support of Defendant's First Motion to Dismiss (Doc 17), contrary to the trial testimony of Calvin Leleux and confirming the testimony of Hadassas's Alon Nelken, Swiftships' then attorney Aimee Griffin states, **"Hadassa and Swiftships agreed that Hadassa would place a $500,000 deposit and in turn, Swiftships would reserve the vessel,"** the Dominican Republic Boat, **"for Hadassa."** (Emphasis added.)

That Mr. Leleux lied about what was agreed about the Dominican Republic Boat is not a shocking revelation. (We knew it, and the Court knew it, but this confirms it.) And, under the principle of falsus in uno et falsus in omnibus (false in one, false in all), including when he testified, that the Dominican Republic Boat was not at the Swiftships facility when Mr. Nelken brought the delegation to inspect the Dominican Republic Boat in May of 2010 when Mr. Nelken testified he took

the pictures of the Dominican Republic Boat, which are in evidence as Plaintiff's Exhibit 12. Another maxim re Mr. Leleux, "liar, liar pants on fire."

But even assuming that it is true, after receiving a half million dollars, allegedly unexpectedly, Mr. Leleux never sent Mr. Nelken an email or called him up stating, I got your $500,000; you know this deposit is nonrefundable. No, Mr. Leleux just stayed silent. Mr. Leleux just kept the Hadassa money, and Swiftships used it and told Mr. Nelken and Hadassa **nothing**.

Also, importantly, when Mr. Leleux wrote his July 24, 2010 letter (Defendant No. 1), he did not mention the Hadassa $499,970. He did not state that the $499,970 would be applied as a credit toward the total purchase price of the vessels listed in that letter. Plaintiff suggests the reason Mr. Leleux did not mention the $500,000 in Defendant No. 1 was that Defendant had no intention of giving that money back to Hadassa in any form -- as a credit or otherwise. **Nor did Mr. Leleux state that the $499,970 had been forfeited**. Mr. Leleux./Swiftships just continued to remain silent.

Indeed, as contained in the Stipulated and Establish Facts (Joint Exhibit No. 1, , No. 28) "It is admitted and established that **at no time did** anyone representing Swiftships send Alon Nelken of Hadassa a letter, fax or email advising that if that if Hadassa did not use their "priority for hastened production or delivery of a vessel" by a set date, the $499,970 would be **forfeited**. (Emphasis added.)

Swiftships and Mr. Leleux continued the Swiftships "sounds of silence" by admittedly not responding to Mr. Nelken's June 25, 2012 letter to Mr. Leleux (Plaintiff's Exhibit No. 6). When Mr. Nelken, in that letter, asked for refund of the $500,000, Swiftships and Mr. Leleux never wrote back to say that the deposit was nonrefundable. Nor did Mr. Leleux respond by telling Mr. Nelken that the $500,000 had been forfeited by Hadassa. Mr. Leleux/Swiftships simply did not respond - **remained silent**.

As was testified to by Mr. Nelken and, as has been stipulated to (Joint Exhibit No., No. 13), Swiftships did not respond to Mr. Nelken's July 15, 2013 letter to Captain Perrin (Plaintiffs Exhibit No. 7) again requesting return of the deposit. Nor did Swiftships respond to the Neil Mixon August 27, 2013 demand letter (Joint Exhibit, No. 1, No. 16).

**Importantly**, Swiftships admittedly did not send the $500,000 back to Hadassa even after Swiftships received the Louisiana Attorney General January 28, 2015 Notice of LA RS 51:1409 complaint during the second week of February 2015. (Joint Exhibit No. 1, Nos. 25, 26).

Note: Swiftships has **also** not complied with this Court's order of May 26, 2015 that, "**. . . at the time of filing the Pretrial Order**" (emphasis by the Court) "the parties are to also file a concise summary of proposed findings of fact and conclusions of law." Plaintiff suggests that this act of not complying with the Court's Order is more than forgetfulness, more than simply overlooking the Court's directive. No, by not filing the Defendant's Proposed Findings of Fact and Proposed Conclusions of Law, Defendant avoided trying to explain the baseless act of continuing to keep Plaintiff's $499,970.

Then, after over five years of the "sounds of silence" and no responses, no replies, on **September 23, 2014**, Swiftships pulled the trigger on its fraud plan by its **verified** answer to Plaintiff's Interrogatory No. 1 (Plaintiff's Exhibit No. 13) verified by none other than Calvin Leleux (See the Calvin Leleux Verification Affidavit.), in which Swiftships responds by stating wrongfully, illegally **and with no legal basis whatsoever** that Hadassa had **forfeited** its $499,970. **With that act/response, Swiftships violated the Louisiana Unfair Trade Practices Act, LA RS 51:1401-1430.**

Further, by not returning the $500,000 to Hadassa after receiving the Louisiana Attorney General's January 28, 2015 R. S. 51:1409 Notice letter, Swiftships opens the door for this

Court, pursuant to that statute, to enter a judgment against Swiftships of three times the damage amount, minimally $500,000, plus at least $130,000 for the various trips back and forth to the United States and to Nigeria, according to Mr. Nelken's testimony.

Accordingly, Plaintiff asks the Court to follow the statute and to award treble damages of three times Plaintiff's damages of $630,000 together with attorney fees and interest, the latter of two items are discussed herein below.

**Regarding Attorney Fees**:

As is stated on page 8 of Plaintiff's Proposed Conclusions of Law and Findings of Fact (Doc 89), LA RS 51:1409 **mandates** the court award attorney fees in the event that actual damages are awarded for an unfair trade practices act (citations omitted).

Accordingly, Plaintiff suggests that the Court award Plaintiff twenty-five (25%) percent of the total amount awarded in actual damages **or** $60,130, the per hour attorney fees based on the Neil H. Mixon hourly rate of $250 per hour for the 228 hours and the Lindsey J. Leavoy hourly rate of $100 per hour for the 31.3 hours, as is stated in the Neil H. Mixon Attorney Fee Affidavit attached hereto as Exhibit "A."

**Regarding Prejudgment Interest**:

As contained in item 29 on page 11 of the Plaintiff's Proposed Findings of Fact and Conclusions of Law (Doc 89), as this is a diversity case, issues of prejudgment interest are governed by the applicable substantive State law. (Citations omitted.)

Item 31 states: "The purpose behind an award of prejudgment interest is to compensate a claimant for the loss of use of funds to which he is rightfully entitled." (Citations omitted.)

From April 30, 2009, continuing through this date, Swiftships has had Hadassas's

$499,970. From April 30, 2009, Hadassa has not had the use of its $499,970. The interest amount on the $499,970 through October 1, 2015 is **$131, 750.82.** (See Exhibit 2), the interest is calculated using the official Louisiana judicial interest rate as set annually by the Louisiana Director of Financial Institutions, pursuant to La. Civil Code Art. 2000, La. C. C. P. Art 1921 and La. R. S. 13:4202-03).

Respectfully submitted by:

NEIL H. MIXON (LSBA #8728)
**MIXON LAW OFFICE LLC**
5822 Antioch Boulevard
Baton Rouge, LA 70817-3207
Telephone/Fax: (225) 755-3224
E-Mail: neilmixonesq@aol.com
Attorney for Hadassa Investment Security Nigeria, Ltd.

S/Lindsey J. Leavoy
LINDSEY J. LEAVOY (LSBA #19004)
**LEAVOY LAW FIRM LLC**
850 North Boulevard
Baton Rouge, LA 70802
Telephone:   225-283-0112
Fax:   225-384-5419
Email: linz@leavoylawfirm.com
Attorney Hadassa Investment Security Nigeria, Ltd.

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the Court's ECF system, which sent notification to opposing Counsel Wesley J. Blanchard (wj.blanchard@gmail.com) on October 15, 2015.

NEIL H. MIXON