**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| Hadassa Investment Security Nigeria, Ltd., *Plaintiff* | * | Civil Action No.: 6:13-CV-2795 |
| | * | Judge Rebecca F. Doherty |
| Versus | * | |
| | * | |
| Swiftships Shipbuilders, LLC *Defendant* | * | Magistrate Judge Whitehurst |
| | * | |

# SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF-MOVER, HADASSA INVESTMENT SECURITY NIGERIA, LTD.'S MOTION FOR CONTEMPT

**MAY IT PLEASE THE COURT:**

Though, not having the benefit of a Swiftships Shipbuilders LLC Reply Brief to Hadassa's initial Memorandum filed with its Motion for Contempt (the arguments therein are, by reference, adopted herein), in accordance with the Order of the Court during the April 12, 2016 Telephone Status Conference, Hadassa submits the following as a **Supplemental Memorandum In Support of its Motion for Contempt.**

THE BIG QUESTIONS: Why has Swiftships not complied with the unappealed Court Judgment/Orders of January 12, 2016? Possibly, this will be answered when Swiftships files its Brief, but, undoubtedly, on the upcoming Contempt Hearing on April 25, 2016. **AND**, more importantly, what can this Court do about these Swiftships' flagrant and blatant acts of disobedience?

"The District Court has **broad discretion** in the assessment of damages in a civil contempt proceeding" (emphasis added). *American Airlines, Inc. vs. Allied Pilots Association, et*

*al.*, 228 F. 3rd 574, 585 (5th Circuit 2000).

In the *American Airlines Inc. Case,* the district court assessed approximately $45.5 million in compensatory damages after finding that the defendants failed to carry out a temporary restraining order mandating that they call off a sick-out by members of the APA. The Fifth Circuit Court of Appeal affirmed the judgment of the district court stating, "For the aforementioned reasons, we affirm the district court's ruling of the defendant's liability for civil contempt. We also affirm the district courts's determination of damages for that civil contempt." *American Airlines @ p.586.*

In the *Securities and Exchange Commission vs. Reynolds, U. S. D. C., N. D. Texas*, March 16, 2011, the court discussed and **rejected** the defendant's impossibility and inability to pay defense and ordered the defendant held in contempt and to pay $909,338.79 into the court's registry, by March 30, 2011.

Also, see *In the matter of Nina White-Robinson, Debtor, Mpatanishi Tayari, et al. vs. Coventry II, DDR/Trade Mark Montgomery Farm, L.P.*, 5th Cir., February 6, 2015, in which a **daily** fine of $100 per day of noncompliance was held to be reasonably calculated to coerce compliance and was found not excessive or overly harsh.

Two of the most instructive cases of the Fifth Circuit that Plaintiff's Counsel have been able to find are *American Airlines, Inc. vs. Allied Pilot's Association, et al.*, 228, Fd. 3rd 574 (5th Cir. 2000) and *Petroleos Mexicanos vs. Crawford Enterprises, Inc., et al.*, 826 F. 2d 392, (5th Cir., 1987). These cases have been cited and quoted from by undersigned Counsel in Hadassas's original Memorandum in Support of its Motion for Contempt, and herein.

**Regarding the Award of Attorney Fees in Contempt Proceedings**:

See *Cook vs. Ochsner Foundation Hospital*, 559 F. 2d 270 (5th Cir. 1977) in which

the Fifth Circuit affirmed an award of attorney fees for compensatory purposes in a civil contempt action.

**Regarding Swiftships Purported Alleged "Impossibility, Inability to Pay" Defense:**

Based upon what Swiftships Counsel stated during the Telephone Status Conference, Swiftships is going to raise the "inability to pay" defense to the Motion for Contempt. Assuming that is raised as Swiftships' defense, Mover Hadassa submits the following:

Firstly, if Swiftships knew on January 12, 2016 when it got the Court's Judgment of that date, that it did not have the funds with which to comply and obey the Court's Orders, it should have **at that time**, through a motion for new trial or an appeal or some other type of motion, brought that defense to the attention of the Court and Hadassas's Counsel. That it did not do so **at the time** clearly indicates a presumption that as January 12, 2016, Swiftships, **indeed**, had sufficient funds/assets with which to comply with the Court's Judgment. Therefore, Swiftships is now estopped from raising the inability to comply or impossibility as a defense.

Secondly, Hadassa does not believe Swiftships does not have the ability to pay or the ability to borrow the amounts it was ordered to pay. For example, see the attached Swiftships news releases dated October 23, 2015 ($11,000,000 for Swiftships) and September 23, 2014 ($18,000,000 for Swiftships), and Swiftships still has the Hadassa $499,970 it wire-transferred to the Swiftships bank account, which has not been returned to Hadassa.

Thirdly, Hadassa believes Swiftships will not be able to sufficiently bear its burden of proving its "inability to pay defense." See *Garrett vs. Coventry II Dar/Trademark Montgomery Farm, L.P. (In Re White-Robinson*, No. 14-10525, 5th Cir. Feb. 6, 2015); *Huber vs. Marine Midland Bank*, 51 F. 3d 5 (2d Cir., March 15, 1995); also see *S.E.C. vs. Reynolds, et al.*, U. S. D. C. N. D.

Texas, Civil Action No. 3:08-CV-438, March 2016.

**Appointment of Forensic Auditors**:

Assuming Swiftships does attempt to raise the defense of "Impossibility/Inability to Pay," in order to expedite this matter and to facilitate getting to the bottom of this matter, Hadassa echos this Court's suggestion that a forensic auditor be appointed and retained by Swiftships to examine completely the finances of Swiftships Shipbuilders LLC. See the attached proposed retainer agreement with the resumes' of Minh Tuan Pham, CFE and Ralph Stephens, CPA, J.D., CFF, ABV, Postlethwaite & Netterville, 8550 United Plaza Boulevard, Suite 1001, Baton Rouge, LA 70809, which we ask be ordered by the Court, and ask that the Court order Swiftships Shipbuilders, LLC to execute the engagement letter and to pay the $30,000 retainer amount within thirty (30) days of April 25, 2016 and that Swiftships and its officers and employees, including the CEO and President, Calvin Leleux, and CFO, John S. Davidson, be ordered to cooperate fully with the forensic auditors.

We ask that the Court include in its Order a provision that if Swiftships objects for any reason to produce documents that the forensic auditors request be produced and the Swiftships objection cannot be cured by the forensic auditors signing an agreed-upon protective order, then it is **incumbent upon Swiftships** (not the auditors or Hadassa ) to file an appropriate motion with the Court as to why Swiftships should be relieved from producing the requested documents.

## CONCLUSION

Considering that it is undisputed that Swiftships received the Court's Judgment on January 12, 2016 and that Swiftships has not paid the $1,499,910 and the $60,130 to Hadassa, that the Court ordered Swiftships to pay by March 15, 2016, we ask the Court to enter an order holding Swiftships Shipbuilders LLC in Contempt of Court and order that to purge itself of contempt,

Swiftships shall immediately pay the $1,499,910 and the $60,130, plus daily post-Judgment interest in the amount of $27.78 per day to Hadassa Investment Security Nigeria, Ltd., and failing such, that the Court enter a **daily** fine/sanctions against Swiftships in an amount that the Court determines is reasonable until the Swiftships Contempt is purged by the payments to Hadassa, together with an award of compensatory attorney fees to Hadassa, and Hadassa asks that this Court, through set court dates, maintain the progress of the Swiftships compliance with the Judgment and Orders of the Court.

Respectfully submitted:

________________________________
**NEIL H. MIXON (LSBA # 8728)**
**MIXON LAW OFFICE, LLC**
5822 Antioch Boulevard
Baton Rouge, LA 70817-3207
Telephone/Fax: (225) 755-3224
Email: neilmixonesq@aol.com
Counsel for Plaintiff
Hadassa Investment Security Nigeria, Ltd.

**LINDSEY J. LEAVOY (LSBA No. 19004)**
**LEAVOY LAW FIRM, LLC**
850 North Boulevard
Baton Rouge, LA 70802
Telephone: 225-283-0112
Fax: 225-384-5419
Email: linz@leavoylawfirm.com
Counsel for Plaintiff
Hadassa Investment Security Nigeria, Ltd.

# Navy extends Swiftships contract at Iraqi naval base

By - *Associated Press - Friday, October 23, 2015*

**SIGN UP FOR**
**BREAKING NEWS ALERTS**

enter address... **Submit**

MORGAN CITY, La. (AP) - The Pentagon says the Navy has extended a Louisiana company's contract to operate and upgrade a repair facility for Iraqi patrol boats built in Morgan City.

According to a daily list of Pentagon contracts, the one-year extension means nearly $11 million for Swiftships Shipbuilders LLC.

Ads by Adblade (//www.adblade.com)




(https://t.mookie1.com/t/v1/clk?migAgencyId=1116&migSource=adsı

**Thrive in a tumultuous market. (https://t.mookie1.com/t/v1 migAgencyId=1116&migSı**



(http://blogs.solaramerica.org/ab001/ solar-on-your-home-before-rebates-expire/?campid=Adb_US_DT&s1=Adb_US_[ [EncodedAdbladeTracker] &source=Adblade)

**Thinking about getting Solar Panels? Read This First. (http://blogs.solaramerica. solar-on-your-home-before-rebates-expire/?campid=Adb_US_DT&s1=/ [EncodedAdbladeTracker] &source=Adblade)**



(http://adrzr.com/iim?utm_medium=cpc&utm_campaign=e [EncodedAdbladeTracker])

**Top 10 Celebrity Arrests! Find Out What They Did (http://adrzr.com/iim?utm_medium=cpc&utm_ca [EncodedAdbladeTracker]**

# Swiftships Wins $18 Million Maintenance Contract for Iraq Navy

by Swiftships | Sep 23, 2014 | Press Release | 0 comments



Swiftships has been awarded an $18,000,000 not-to-exceed contract for the accomplishment of continuous lifecycle support (CLS) for the Iraqi navy. This contract involves foreign military sales (FMS) to the government Iraq. This contract will provide technical expertise in preventative and planned maintenance, emergent repairs, and platform overhaul support services for Iraqi patrol boats, off-shore vessels, and defender boats.

Work will be performed on Umm Qasr Naval Base, Iraq, and is expected to be completed by October 2015. FMS funding in the amount of $9,000,000 will be obligated at time of award and the contract funds will not expire at the end of the

current fiscal year.[vc_row][vc_column][vc_column_text]

"We have been in Iraq for several months for the maintenance of the our 35m patrol boats built for the IqN. Our team's goal is to keep the IqNs mission at the highest order – ensuring the tasks for the Iraq Navy to keep its oil platforms safe are met." – Shehraze Shah, CEO, Swiftships

The contract was not competitively procured pursuant to 10 U.S.C. 2304(c)(4). Per FAR 6.302-4(a)(2) – full and open competition need not be provided for when precluded by the terms of an international agreement or a treaty between the United States and a foreign government or international organization, or the written directions of a foreign government reimbursing the agency for the cost of the acquisition of the supplies or services for such government. The Naval Sea Systems Command, Washington, District of Columbia, is the contracting activity (N00024-14-C-4217).[/vc_column_text][/vc_column][/vc_row][vc_row][vc_column width="1/1" ][vc_images_carousel images="1396,1201,1397,1317" onclick="link_image" custom_links_target="_self" mode="horizontal" speed="5000" slides_per_view="1" img_size="full"][/vc_column][/vc_row]

Search

## Recent Posts

Swift Launches Maritime Security Fleet

Rodi Marine Secures Two 175 Foot DP-2 FSVs With Swiftships

Swiftships Builds Six 28m PBs For Egyptian Navy

Swiftships Wins $18 Million Maintenance Contract for Iraq Navy

Swift Academy

## Categories

Cover Story

Press Release

SWIFTSHIPS

COPYRIGHT © 2015 SWIFTSHIPS, LLC.
ALL RIGHTS RESERVED.

ABOUT US
TERMS AND CONDITIONS CONTACT



# Ralph J. Stephens

CPA, JD, CFF, ABV

*Director*

(800) 259-2922
rstephens@pncpa.com
www.pncpa.com

---

Ralph J. Stephens, CPA/ABV, JD, CFF is a Director in the Tax Services Group at Postlethwaite & Netterville. Ralph joined the firm in 1981 and became a Director in 1987. Prior to joining the firm, he practiced law.

Ralph's areas of concentration include non-profit compliance, income and estate planning, succession planning, business consulting, and litigation support. He is both Accredited in Business Valuation and Certified in Financial Forensics by the AICPA. He reviews tax compliance reporting for a number of non-profit organizations. He also assists with planning and implementing changes required by new legislation and jurisprudence.

Ralph regularly consults with attorneys in the areas of business and succession planning. He has served as an expert witness in numerous courts throughout Louisiana and the country as an expert in taxation, valuation, damages and accounting.

## EDUCATION & CREDENTIALS

- Certified Public Accountant
- Juris Doctor
- Certified in Financial Forensics
- Accredited in Business Valuation
- Bachelor of Science, Accounting, Louisiana State University

## PROFESSIONAL AFFILIATIONS

- Member, American Institute of Certified Public Accountants
- Former Member, Business Valuation Standards Task Force, American Institute of Certified Public Accountants
- Member, CFF Credential Committee, American Institute of Certified Public Accountants
- Member, Society of Louisiana Certified Public Accountants
- Past Chairman, Federal Tax Conference Louisiana Society of Certified Public Accountants
- Past Chairman, Louisiana Tax Conference Committee, Louisiana Society of Certified Public Accountants
- Member, American Bar Association
- Member, Louisiana Bar Association
- Member, Baton Rouge Bar Association

## COMMUNITY INVOLVEMENT

- Board of Directors, Arts Council of Greater Baton Rouge, 2008 - Present
- Board of Directors, Cancer Services of Greater Baton Rouge, 2005 - Present
- Business Law Teacher, Catholic High School, 1982 - Present
- Board of Directors, Catholic-Presbyterian Apartments, 2003 - Present
- Campaign Cabinet, Community Fund for the Arts, 2005 - Present
- Board of Directors, St. Vincent de Paul, 2001 - Present
- Board of Directors, Vision 21 Foundation, 1996 - Present



# Minh Tuan Pham

CFE

*Associate Director*

(225) 408-4448
tpham@pncpa.com
www.pncpa.com

Tuan Pham is an Associate Director in P&N Consulting, Postlethwaite & Netterville's consulting division. Prior to joining the firm in 2013, Tuan was a Managing Director in the intellectual property practice at an international consulting firm in Houston, Texas.

Tuan has over 15 years of experience providing litigation and dispute consulting services at various boutique and Big Four accounting firms and is fluent in Vietnamese. He has extensive experience in complex commercial disputes, accounting investigations, intellectual property litigation, and valuation matters.

Tuan advises clients and serves as an expert in areas of finance, accounting, and general business practices. Tuan has served clients in a number of industries including manufacturing, automotive, biotechnology, medical devices, healthcare, computer software and hardware, internet, telecommunications, mining, alternative energy, and oil and gas.

**EDUCATION & CREDENTIALS**

- Certified Fraud Examiner
- Master of Business Administration, Louisiana State University

**From:** Tuan Pham <tpham@pncpa.com>
**To:** Neil Mixon (neilmixonesq@aol.com) <neilmixonesq@aol.com>
**Cc:** Ralph Stephens <rstephens@pncpa.com>
**Subject:** Draft Engagement Letter
**Date:** Thu, Apr 14, 2016 3:33 pm
**Attachments:** Draft Engagement Letter - Hadassa.pdf (276K)

---

Mr. Mixon,

As discussed, please see the attached engagement letter and the general document request below. Please let me know if you have any comments, questions, or would like to discuss in detail. In reference to the document request, we can discuss the reason for why certain information is being requested.

Thanks!

## Document Request

If necessary and to allay any objections, Postlethwaite & Netterville will agree to a protective order to facilitate the production of information.

When referenced below, the relevant time period will mean either:

three full fiscal years prior to the date of incident (when Defendant's bad acts occurred) through the present; or

three full fiscal years prior to the date of Judge Haik's "Judgment" through the present.

## Financial Statements

- Balance sheets, income statements, statements of cash flows, and statements of stockholders' equity for the relevant time period.
- Income tax returns, preferably signed, for the relevant time period.
- General ledger detail for the relevant time period.
- Latest interim statements and interim statements for comparable period(s) of previous three years.
- Detail of operating expenses, if not included in financial statements.
- Budgets or projections, for a minimum of five years.

## Other

- List of liability and D&O insurance policies in force during the date of incident and to the present.
- List of related entities, subsidiaries, and / or financial interests in other companies.
- Copies of customer contracts, specifically contracts that require performance bonds.
- Copies of loan agreements.
- List and identify any liens.
- List of marketable securities and prepaid expenses.
- Identify any lease or other long term (year or longer) obligations.
- Summarize the Company's dividend / distribution policy.

Tuan Pham
Postlethwaite & Netterville
8550 United Plaza Blvd., Suite 1001 ▪ Baton Rouge, LA 70809
Main 225.922.4600 ▪ Direct 225.408.4448 ▪ Mobile 504.400.1515
#do not encrypt#

P&N Postlethwaite & Netterville

SecureMail.pncpa.com made the following annotations
---------------------------------------------------------------------
The information contained herein is intended for information purposes only. It is provided with the understanding that it should not be used as a substitute for consultation with professional accounting, tax, legal or other competent advisors. You should seek advice directly from a qualified professional before making any decisions or taking any action that might affect your personal finances or your business. No part of this communication is intended or may be used for the purpose of avoiding penalties, which may be imposed under the Internal Revenue Code, or by other parties for promoting or marketing of tax related matters.
---------------------------------------------------------------------