P&N Postlethwaite & Netterville

A Professional Accounting Corporation
www.pncpa.com

April 25, 2016

Mr. Calvin Leleux
Swiftships Shipbuilders, LLC
1105 Levee Rd
Morgan City, LA 70380

***RE: Hadassa Investment Security Nigeria, Ltd. v. Swiftships Shipbuilders, LLC***

Mr. Leleux:

This agreement for litigation consulting services between Swiftships Shipbuilders, LLC and Postlethwaite & Netterville, APAC (P&N) outlines our understanding of the terms and objectives of the engagement and the nature and limitations of the services we will provide.

This engagement will be conducted in accordance with the American Institute of Certified Public Accountants' *Statement on Standards for Consulting Services* (SSCS).

**Nature, Purpose, and Objective**

We will provide forensic accounting services to assist Judge Rebecca H. Doherty ("Judge Doherty" or the "Court") in the above-referenced matter. The scope of this engagement will be to provide forensic accounting services, specifically in analyzing the financial and accounting records of Swiftships Shipbuilders, LLC and related entities.

We will initiate and perform our services under the direction of the Court. We will report to the Court directly, and will submit all reports, communications and work products to the Court with copies to the counsels for the parties to the litigation. Draft reports and other deliverables will be provided for review and comment.

Any reports or other deliverables presented as part of this engagement are to be used only for the purpose of this litigation, and may not be published or used for any other purpose without our express written consent.

The Court may request that we perform additional services not contemplated by this engagement letter. If this occurs, we will communicate with the Court the scope and estimated cost of these additional services. Engagements for additional services may necessitate that we amend this letter or issue a separate engagement letter to reflect the obligations of the parties. In the absence of any other written communications from us documenting additional services, our services will be limited to and governed by the terms of this engagement letter.

**Our Responsibilities, Representations, and Limitations**

We have no financial interest or contemplated financial interest in the business or property that is the subject of this engagement, and we have no personal interest or bias with respect to the parties involved. Our compensation is not contingent on an action or event resulting from the analyses or conclusions in, or the use of, this engagement.

We will not perform duties or make decisions on your behalf in this matter. However, we may provide advice and recommendations to assist the Court in making decisions. We will not render any legal opinions in this matter.

This engagement will represent our professional, unbiased findings and conclusions based on the data we are able to obtain within a reasonable time, using our best efforts. We will not audit, review, or compile any financial statements, forecasts, or financial data as part of this engagement. We will not express an opinion or any form of assurance on the financial data provided as part of this engagement.

Our engagement cannot be relied on to disclose errors, fraud, or other illegal acts that may exist, nor will we be responsible for the impact on our services of incomplete, missing, or withheld information, or mistaken fraudulent data provided from any source or sources.

All information and materials of any form or description collected by us in the course of our engagement shall constitute our work files. Unless you request in writing that source documents be returned to you upon completion of the engagement, such information and materials will be retained in accordance with our records retention policy, which is available upon your request.

Our firm policy is to discard all superseded work papers or data files that have been updated. If you wish us to maintain any of these materials, please specify your request(s) in writing when returning a copy of this engagement letter.

In accordance with the final rules published by the Federal Trade Commission (commonly referred to as the Gramm-Leach-Bliley Act) the following disclosures are made: 1) In the process of performing this engagement, we may collect from the parties, or with the parties' authorization, certain essential information which is non-public, such as information concerning income, expenses, assets, liabilities and other similar information. 2) We will follow professional standards for protecting the confidentiality and security of the non-public information collected. 3) We will not discuss any non-public information about the parties to any third party, except as permitted by the parties or required by law.

If we receive a summons, subpoena, or court order to disclose such confidential information, we will provide you prompt notice of the summons, subpoena or court order and shall seek to protect such confidential information from disclosure to the full extent provided under the law. We will cooperate with you in response to any summons, subpoena, or court order, but it is agreed that P&N will be reimbursed for any time and expenses associated with the defense of the confidentiality of your client's information and

/ or our work product. We will nevertheless have no liability to you, the parties or any third party for information disclosed in, or pursuant to, any ruling, order, or proceeding of any court or other judicial or non-judicial forum or of any regulatory agency or similar instrumentality.

**Client Responsibilities and Representations**

Swiftships Shipbuilders, LLC will agree to provide us with all documentation and information that we deem necessary to perform our services in a timely manner. Failure to provide us with this information will prohibit us from producing our findings, recommendations, or professional conclusions. In the event Swiftships Shipbuilders, LLC does not provide us with the documentation and information we have requested, we will notify the Court and reserve the right to withdraw from the engagement without performing any further services.

You agree that possession of the work papers or other written documentation regarding the engagement does not carry with it the right of publication of all or part of it, nor may it be used or relied upon without previous written consent for any purpose other than that set forth above. No third parties are intended to be benefited. Schedules, information and other work papers developed during the engagement by P&N are the sole property of P&N.

**Conflicts**

We have undertaken a reasonable review of our records to determine our professional relationships with the persons or entities you identified. We are not aware of any conflicts of interest or relationships that would, in our sole discretion, preclude us from performing the above work.

We have been engaged from time to time by other law firms, both locally and nationally, and it is possible that we are or may become engaged by firms representing clients adverse to you. We are not restricted from working on other, unrelated engagements involving the parties and law firms involved in this matter; however, all confidential information gained in this matter will be kept confidential.

**Fees**

Our fees for this engagement will be billed according to the following rate schedule, plus expenses. Our invoices will be mailed to the Court, the parties to this litigation, and their respective counsels with the understanding that obligation for payment of our fees is the responsibility of Swiftships Shipbuilders, LLC.

| | |
|---|---|
| **Directors** | $270 - $350 per hour |
| **Associate Directors** | $220 - $270 per hour |
| **Managers** | $180 - $220 per hour |
| **Seniors** | $130 - $180 per hour |
| **Staff** | $105 - $130 per hour |

Fees are payable on a retainer basis. We will require a retainer of $30,000 at the outset of this engagement, which shall be returned with this engagement letter. At the end of the engagement, any remaining balance will be applied towards payment of our final billing in connection with this engagement.

In regard to the services to be performed, it is difficult at this time to specify the extent of the contemplated services and the time involved. Nevertheless, we shall exert every effort to proceed with this matter in the most efficient and expeditious manner possible and to limit our services to those required. As necessary, we will request additional retainers from time to time as work continues and the fees and expenses deplete previous retainer amounts.

Any billings become delinquent if not paid within thirty days of the invoice date. If billings are past due in excess of thirty days, we will stop all work until your account is brought current, or notify the Court and withdraw from this engagement. You acknowledge and agree that we are not required to continue work in the event of a failure to pay on a timely basis for services rendered as required by this engagement letter. You further acknowledge and agree that in the event we stop work or withdraw from this engagement, we shall not be liable.

We will not have any obligation to issue reports or other documents, or communicate our research, analyses, or conclusions, and will not have any obligation to appear for or provide written or oral testimony or evidence at trial, deposition or elsewhere, until this account is paid in full, or alternative arrangements have been mutually agreed to in writing by you and us. We will have no liability to you or any other person, by reason of not issuing a report, appearing for, and / or providing testimony or other evidence because of failure to pay all amounts due us, and you agree to indemnify any such liability.

**Indemnification and Hold Harmless**
The obligations of P&N are solely obligations of the corporation, and no officer, owner, director, employee, agent, contractor, shareholder or controlling person shall be subject to any personal liability whatsoever to any person, nor will any such claim be asserted by or on behalf of any other party to this agreement or any person relying on this report.

**Challenges to the Admissibility of Expert's Opinion**
You acknowledge that the professional conclusions rendered by P&N are our good faith opinions supported by a reasonable amount of research and analysis, but they are only the unbiased judgment of P&N. Failure of our opinion to be accepted for any reason by any

party, person, or government entity shall not constitute a breach of any of P&N's duties under this agreement, shall not constitute negligence of any kind on the part of P&N, shall not give rise to any cause of action by the parties to the litigation, and shall not relieve the parties of any duties.

In the event of any challenge to our report or opinion, or to the admissibility of our testimony, we will require immediate notification of such challenge. Fees for any services that may be required in defending our report or opinion against a challenge, including conferences, meetings, depositions, court appearances, and testimony, will be billed at the hourly rates listed above. We reserve the right to seek independent counsel for representation related to the defense of our opinions against a challenge; costs for such outside representation will be submitted to you. We do not take responsibility for the costs or fees that may be incurred in the defense of our opinions against a challenge.

**Disputes**

This letter agreement is a legally binding contract between you and us and will be binding upon, and inure to the benefit of, respective heirs, assigns, successors-in-interest, and legal representatives (as applicable). It may not be amended without the prior written consent of both parties.

If any dispute arises among the parties hereto, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Rules for Professional Accounting and Related Services Disputes before resorting to litigation. The costs of any mediation proceeding shall be shared equally by all parties. P&N's maximum liability to you or your client for any reason relating to services rendered under this letter shall be limited to the amount of fees paid for these services. In no event shall we be liable for consequential damages.

**Delivery and Timing**

Unless we are informed otherwise, we will deliver our reports and interim reports to Judge Doherty with copies to Hadassa Investment Security Nigeria, Ltd.'s counsel and Swiftships Shipbuilders, LLC's counsel. Our ability to deliver a report is dependent upon our timely receipt of the required information from Swiftships Shipbuilders, LLC, and we will use our best efforts to meet any reasonable deadlines.

**Termination**

We reserve the right to withdraw from this engagement without completing our services if you fail to comply with the terms of this engagement letter or as we determine professional standards require. If any portion of this agreement is deemed invalid or unenforceable, said finding shall not invalidate the remainder of the terms set forth in this engagement letter. We also reserve the right to withdraw from this engagement if, in our professional judgment, our continued involvement in this engagement would be inappropriate, or if the attorneys or parties involved in this litigation change. If the engagement is terminated prior to completion, P&N will bill for services rendered to the date of termination, which will be due upon presentation.

**Acceptance**
You acknowledge having read this agreement in its entirety, have had full opportunity to consider its terms, have had full and satisfactory explanation of same, and fully understand and agree to be bound by the terms of this agreement.

Please indicate your understanding and acceptance by executing this agreement in the space provided below and return it to our offices with the $30,000 retainer, indicating your authorization for us to proceed on the above terms and conditions.

Sincerely,

POSTLETHWAITE & NETTERVILLE, APAC

This letter correctly sets forth the understanding of Swiftships Shipbuilders, LLC.

Signature____________________

Title________________________

Date________________________